UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GLORIA CATALUSCI, ) | |
| ) | Case No. 1:08-CV-2562 |
|    Plaintiff, ) | |
| ) | |
| v. ) | JUDGE ANN ALDRICH |
| ) | |
| HORIZON SCIENCE ACADEMY - ) | |
| DENISON MIDDLE SCHOOL, INC., ) | |
| ) | MEMORANDUM AND ORDER |
|    Defendant. ) | |
| ) | |

Defendant Horizon Science Academy - Denison Middle School, Inc (the "School") removed the five count complaint for employment discrimination to this court from the Cuyahoga County Court of Common Pleas on October 29, 2008 [dkt. 1]. This court held a case management conference on November 21, 2008, where plaintiff Gloria Catalusci ("Catalusci") agreed to place the case on an expedited scheduling track and agreed that discovery should be completed by March 20, 2009 [dkt. 9].

On March 20, 2009, the School filed a motion to dismiss or compel Catalusci to respond to discovery and extend all scheduled dates by sixty days [dkt. 11]. The court ordered Catalusci to show cause why the complaint should not be dismissed by 12:00 p.m. on March 27, 2009 [dkt. 12]. Catalusci filed an untimely response the afternoon of March 27, 2009 [dkt. 13]. For the following reasons, the court denies in part and grants in part the School's motion.

### I.    BACKGROUND

Catalusci's counsel has established a clear record of delay and violation of discovery rules throughout the discovery process. Federal Rule of Civil Procedure 26(a)(1) requires that certain initial

disclosures be made at the case management conference or within 14 days thereafter. Catalusci failed to make the initial disclosures until January 16, 2009 after several written requests from defense counsel. On January 30, 2009, the School propounded a set of interrogatories and a request for production of documents. At close of discovery on March 20, 2009, defense counsel had not received any response from Catalusci regarding these discovery requests. Moreover, Catalusci never motioned the court for a protective order or for an extension of time. Finally, on February 18, 2009 the School noticed Catalusci for a deposition to take place on March 6, 2009 [dkt. 10]. Catalusci and her counsel failed to appear for her deposition.

Apparently, Catalusci's counsel only contacted defense counsel by e-mail the night before the deposition to notify them that he was having continuing health issues. Catalusci's counsel's response suggested that the medical condition was the cause for the delay [dkt. 13]. Attached to Catalusci's response on March 27, 2009 were answers to the set of interrogatories propounded to her on January 30, 2009 [dkt. 13-2].

## II. DISCUSSION

The School's motion to dismiss the complaint with prejudice for discovery misconduct is denied. The motion to compel Catalusci to respond to discovery and appear for her deposition and to extend all scheduled dates by 60 days is granted.

### A. Motion to Dismiss the Complaint

Federal Rule of Civil Procedure 41(b) allows the court to dismiss an action where the "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Sixth Circuit applies a four part test in evaluating a motion under

this rule. While no single factor controls this inquiry, the court should consider: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal. *Wright v. Coca-Cola Bottling Co. of Memphis*, 41 Fed. Appx. 795 (6th Cir. 2002). District courts have broad discretion in issuing sanctions to parties that fail to comply with procedural rules. However, the dismissal for failure to prosecute is a most severe sanction and should only be used in extreme situations "where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Board of Educ.*, 261 F.3d 586, 591 (6th Cir.2001). "Dismissal is improper absent notice that dismissal is contemplated or a record showing bad faith." *See Vinci v. Consol. Rail Corp.*, 927 F.2d 287, 287-88 (6th Cir.1991).

Here, Catalusci's failure to conduct discovery in a timely fashion and in accordance with Federal Rule of Civil Procedure 33(b)(2) was clear, continuous, and with fault.[1] While Catalusci's counsel's medical condition is unfortunate and the court wishes him the best recovery, it does not excuse Catalusci's counsel from a failure to notify opposing counsel or the court of the ongoing medical problems. Such notification would have allowed for a reasonable extension of time, either through the consent of opposing counsel or by order of the court, and would have avoided unnecessary costs to all involved.

Second, the prejudice to the defendant appears minimal at this time, and it is confined to a short delay in the proceedings of this case. Third, plaintiff's counsel was warned that failure to cooperate

---

[1] Federal Rule of Civil Procedure 33(b)(2) requires that a party responding to written interrogatories must "serve its answers and any objections within 30 days after being served with the interrogatories."

may lead to a dismissal [dkt. 12]. Finally, the court has considered less drastic sanctions (discussed *infra*) and found that lesser sanctions than dismissal are appropriate in this case.

The discovery misconduct here is primarily the result of Catalusci's counsel's failure to communicate with the court and opposing counsel. The court is extremely reluctant to dismiss a case merely to discipline an attorney because such a sanction "deprives the client of [her] day in court." *Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir. 1992). Therefore, the School's motion to dismiss the complaint for discovery misconduct is denied.

### B. Motion to Compel Plaintiff to Respond to Discovery and Appear for Deposition and to Extend all Scheduled Dates Sixty (60) Days

Federal Rule of Civil Procedure 37 provides that "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Here, the School has made such a motion and has properly certified that it attempted to confer with Catalusci's counsel to obtain discovery without motioning the court. Specifically, the School seeks responses to its interrogatories and request for production of documents and to compel Catalusci to appear for a deposition.

Catalusci's response to the motion to compel [dkt. 13] attached answers to the written interrogatories. It remains unclear whether, at this time, the request for production of documents has been satisfied by Catalusci. Therefore, the court orders Catalusci to respond to the request for production of documents and to appear for a properly noticed deposition within the new discovery schedule set forth below.

Finally, pursuant to Rule 37(a)(5), the court orders Catalusci's counsel to pay the School

reasonable expenses incurred in the making of the motion [dkt. 11], including attorney's fees. The School shall file a petition to the court for the reasonable expenses and fees.

### C. Discovery Schedule

The court now sets the following schedule: Discovery is due by May 20, 2009; dispositive motions, if any, must be filed by June 8, 2009; trial, if necessary, to be begin on September 29, 2009; and proposed voir dire, proposed jury instructions, and witness lists must be filed by September 7, 2009. Finally, after the close of discovery, and no later than May 27, 2009, parties are to file a status report with the court regarding the potential for ADR or parties' efforts at settlement.

Parties are reminded of their duty to communicate any delays or inability to comply with the court's scheduling order to opposing counsel and to the court. Parties are also reminded to refer to Local Rule 37.1 in the event of future discovery disputes.

                                                 */s/Ann Aldrich*
                                                 ANN ALDRICH
                                                 UNITED STATES DISTRICT JUDGE

**Dated: March 31, 2009**